# EXHIBIT C

## Jed Hansen

| | |
|---|---|
| **From:** | Shana Stanton [sstanton@google.com] |
| **Sent:** | Thursday, July 19, 2007 4:05 PM |
| **To:** | Jed Hansen |
| **Cc:** | Pauline Samson; Peter deJonge; Samuel Straight; Mark Bettilyon |
| **Subject:** | Re: Rhino Sports v. Sport Court |
| **Attachments:** | rhino.pdf |

Hi Jed,

Attached you will find the documents we have reflecting Cybermark's use of the terms listed in request number one as keywords. Please note that we do not store data for keywords that have zero performance statistics. These records, and the absence of any other records, indicates that there are zero performance statistics associated with Cybermark's use of these keywords. The attached are the only records we have reflecting Cybermark's use--or attempted use-- of these terms as keywords. We do not have record of Rhino Sports using any of those terms as keywords.

Without conceding that Google as a third party is under an obligation to provide you with a 'check' on the sufficiency of your adversary's production of documents, please be aware that, because there are no performance statistics for the terms at issue, we do not have any documents responsive to requests 9 & 10. With regard to request number 8, we have no responsive documents. The only responsive documents that we have for requests 6 and 7 are attached. I trust that ends our discussion of these issues.

We are producing the attached electronically as a courtesy and you will receive a hard copy in the mail. All of the documents produced are marked 'confidential' under the protective order in place in this case.

Best,
Shana

On 7/18/07, **Jed Hansen** <hansen@tnw.com> wrote:
> Hi Shana,
>
> Without receiving documents from Google, we have no way of knowing whether Rhino and/or CyberMark have produced all responsive documents. The documents requested in numbers 6-10 are relevant to the case, and Sport Court is entitled to obtain the documents from Google. Please produce the documents reflecting that Rhino or CyberMark used the terms prohibited as you indicated below, as well as other documents responsive to requests 6-10, on or before July 19, 2007.
>
> Best regards,
>
> **Jed H. Hansen**
> Intellectual Property Attorney

8180 S. 700 E., Suite 350 | Salt Lake City, Utah 84070 | p: 801.566.6633| f: 801.566.0750 | hansen@tnw.com | mailing address: P.O. Box 1219, Sandy, UT 84091-1219
This communication may contain information that is confidential in nature and/or subject to attorney-client privilege. Unauthorized use or disclosure is strictly prohibited. If you are not the intended recipient, kindly reply or call at the number above to alert us. Afterward, please delete this communication in its entirety.

**From:** Shana Stanton [mailto:sstanton@google.com]
**Sent:** Monday, July 16, 2007 12:11 PM
**To:** Jed Hansen
**Cc:** Pauline Samson; Peter deJonge; Samuel Straight; Mark Bettilyon

**Subject:** Re: Rhino Sports v. Sport Court

Hi Jed,

Your understanding of our position is incorrectly summarized. As you are aware, we provide 20 days notice to our users before producing anything. The earliest date we expect to produce anything here is July 19. Assuming no motion to quash, we have agreed to produce documents, if any, reflecting that defendant or Cybermark used the terms prohibited. As I stated, our objections to the remaining requests remain the same, and I refer you to my email to you dated June 26. To the extent that you do not obtain responsive documents from these parties we will reconsider, but will not commit now as a third party to this matter to expending the resources to locate documents that your adversaries can and should produce.

Best,
Shana

On 7/13/07, **Jed Hansen** <hansen@tnw.com> wrote:
   Hi Shana,

   Thank you for your e-mail memorializing our conversation on Tuesday regarding our subpoena to Google, Inc. Also, thank you for your willingness to produce documents responsive to requests 6-10. We look forward to receiving those documents on or before July 17, 2007. We understand your objections to requests 1-5 and ask that you reconsider your position and we reserve our rights related to those requests.

   If you have any questions or comments, please do not hesitate to contact me.

   Best regards,


   **Jed H. Hansen**
   Intellectual Property Attorney

10/17/2007



8180 S. 700 E., Suite 350 | Salt Lake City, Utah 84070 | p: 801.566.6633| f: 801.566.0750 | hansen@tnw.com | mailing address: P.O. Box 1219, Sandy, UT 84091-1219

This communication may contain information that is confidential in nature and/or subject to attorney-client privilege. Unauthorized use or disclosure is strictly prohibited. If you are not the intended recipient, kindly reply or call at the number above to alert us. Afterward, please delete this communication in its entirety.

**From:** Shana Stanton [mailto:sstanton@google.com]
**Sent:** Tuesday, July 10, 2007 6:24 PM
**To:** Jed Hansen
**Cc:** Pauline Samson
**Subject:** Re: Rhino Sports v. Sport Court

Dear Jed,

Per our discussion today, Google has reconsidered its position regarding the subpoena. Google has reviewed the court's recent decision in this matter and learned that the permanent injunction, which remains under seal, was reached by stipulation of the parties, and thus there is no final decision in this matter on the legal issues. Google also learned that it is already a matter of record in this case that defendant's ads can be triggered by terms that it has not purchased as keywords.

Google understands that the relevance of a list of parties using the terms listed in requests 1 and 5 is limited to disproving defendant's compliance with the injunction. You have explained that defendants argue that its ads appear upon use of those terms in search only because other advertisers have purchased those terms as keywords. Given the state of the record in this matter, whether or not other advertisers who are not subject to the injunction use any of the terms listed as keywords is of no relevance to this matter. As you know, more than 300 advertisers use one or more of the terms listed, and the burden on Google as third party to comply thus far outweighs your need for the information.

Although Google maintains that use of a trademark as a keyword by any advertiser is not a 'use in commerce' of that mark, to the extent that the subpoena seeks information about whether or not Rhino Sports or Cybermark have used the terms listed, Google will not object. Google understands that the injunction prohibits Rhino Sports from using the term "Sport Court" or plural forms thereof. Although Cybermark is not named in the injunction, Google understands from reading the court's opinion and from speaking to you that whether or not Cybermark is using any of the terms listed is also an issue of fact in this matter.

Google reserves all other aforementioned objections.

Best,
Shana

10/17/2007

On 6/26/07, **Shana Stanton** <sstanton@google.com> wrote:
Dear Ted,

Per our discussion today, Google has agreed to produce a list of AdWords customers who use or have used the phrases listed in request number one of the attached subpoena. That list will include company name and/or contact email for the AdWords customer. As we discussed, each of these customers will have a period of 20 days from the date we notify them of your request for information during which they may object to the release of information. Given the volume of accounts implicated, we agreed that this will satisfy Google's obligations with respect to requests 1 and 5 of the subpoena. As we discussed, these requests represent a significant burden to Google as a third party to the litigation. We understand that for requests 1 and 5, it is your aim to identify parties other than Rhino Sports that have used or are using the phrases listed as keywords. With respect to requests 2, 3 & 4, Google cannot provide information that is not tied to a specific account (or email address in the case of request 2), and thus we have no responsive documents to provide. With respect to request number 6, Google does not have any responsive documents. With respect to request numbers 7-10, Google objects to these requests to the extent that you are seeking documents that Rhino Sports, a party to the litigation, has in its possession and control and which Rhino Sports is in a better position to identify and produce. I understand that there are outstanding discovery requests for documents responsive to these requests, and that you will not require Google to undertake the significant burden of identifying and producing responsive documents until you have exhausted efforts to obtain them from Rhino Sports. In the meantime, we will provide Rhino Sports the 20 day notice period that we afford all of our users. I also understand that there is an injunction prohibiting Rhino Sports from using the phrases listed in the subpoena but that your client has not provided notice to Google of that injunction, which is currently under seal.

All of the above is without prejudice to Google's general objections to the subpoena, attached hereto for reference. Google objects to the requests in the document subpoena to the extent they seek information already in Plaintiff's possession or available to Plaintiff from some other source that is more convenient, less burdensome or less expensive, including information available to Plaintiff from public sources. This means that if you are seeking account or other information from Google that is equally available from a party in the litigation, Google objects to that request on that basis. Google objects to the requests in the subpoena to the extent they seek information containing confidential financial, proprietary or trade secret information, or any information subject to a confidentiality agreement or protective order. While Google does not require a protective order for production of its non-confidential information, Google will only produce information it deems confidential pursuant to a confidentiality agreement or protective order that it deems suitable for the protection of its confidential information. Please provide a confidentiality agreement or protective order if you intend to seek confidential documents of Google in your requests, as we will not produce confidential information without entry of a protective order that we deem suitable to protect the confidentiality of our documents. Google further objects to the requests to the extent they seek information protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. We also object to the requests to the extent that they are irrelevant, overly broad, vague, ambiguous, unlimited in time or scope, fail to identify the information sought with reasonable particularity, or impose an undue burden on Google. Google objects to the requests to the extent that they seek information that is not relevant or reasonably likely to lead to the discovery of admissible evidence.

Please feel free to contact me if you have any questions.

--
Shana Stanton| Litigation Counsel | Google Inc.

1600 Amphitheatre Parkway | Mountain View, CA 94043

phone 650.253.1037 | fax 650.618.1806

PRIVILEGE AND CONFIDENTIALITY NOTICE:
This message may contain privileged and confidential information. If you have received this message in error, please notify the sender by return email and then delete the message. Please do not copy or disclose the contents of this message. Thank you.

--
Shana Stanton| Litigation Counsel | Google Inc.

1600 Amphitheatre Parkway | Mountain View, CA 94043

phone 650.253.1037 | fax 650.618.1806

PRIVILEGE AND CONFIDENTIALITY NOTICE:
This message may contain privileged and confidential information. If you have received this message in error, please notify the sender by return email and then delete the message. Please do not copy or disclose the contents of this message. Thank you.

--
Shana Stanton| Litigation Counsel | Google Inc.

1600 Amphitheatre Parkway | Mountain View, CA 94043

phone 650.253.1037 | fax 650.618.1806

PRIVILEGE AND CONFIDENTIALITY NOTICE:
This message may contain privileged and confidential information. If you have received this message in error, please notify the sender by return email and then delete the message. Please do not copy or disclose the contents of this message. Thank you.

--
Shana Stanton| Litigation Counsel | Google Inc.

1600 Amphitheatre Parkway | Mountain View, CA 94043

phone 650.253.1037 | fax 650.618.1806

PRIVILEGE AND CONFIDENTIALITY NOTICE:
This message may contain privileged and confidential information. If you have received this message in error, please notify the sender by return email and then delete the message. Please do not copy or disclose the contents of this message. Thank you.

10/17/2007